A. J. MARTIN et al., Appellees, v. F. W. TOLL et al., Appellants.

**VENDOR AND PURCHASER:** Options. A writing wherein the parties respectively agree "to sell" and "to purchase and pay for" named real estate constitutes something more than a mere *option*, even though the seller reserves the right to forfeit all advance payments and repossess the premises.

**SPECIFIC PERFORMANCE:** Contracts Enforcible—Misunderstanding of Contract. Specific performance may not be defeated on the

ground of a misunderstanding for which the other party to the contract is in no manner responsible.

**SPECIFIC PERFORMANCE:** Nature and Grounds of Remedy—Fluctuations in Values. Specific performance may not be defeated by a showing that, *subsequent* to the execution of the contract, fluctuations in values rendered the specific performance of the contract very burdensome to the defendant.

*Appeal from Boone District Court.*—H. E. FRY, Judge.

APRIL 3, 1923.

REHEARING DENIED SEPTEMBER 22, 1923.

SUIT in equity by the vendors, for specific performance of a contract of sale and purchase of real estate. By way of defense, the defendants pleaded that the contract was one of option only, and that the plaintiffs had thereunder only the remedy of forfeiture. The defendants pleaded also that enforcement of the contract would be unconscionable and inequitable. The decree was awarded to the plaintiffs, and the defendants appeal.—*Affirmed.*

*T. J. Mahoney* and *F. L. Mackey,* for appellants.

*R. E. Nichol,* for appellees.

EVANS, J.—The plaintiffs, as vendors, and the defendants, as vendees, entered into a contract for the purchase and sale of a quarter-section farm in Boone County, on May 10, 1920. A cash payment of $2,000 was made by the defendants at the time of the execution of the contract. The further performance of the contract was to be had on March 1st following. On February 19th, the defendants served upon the plaintiffs a notice of election to forfeit the payment of $2,000 which they had made, and to refuse to perform the contract. Their contention is that they were justified in this course by the terms of the contract, in that it provided for such remedy for the plaintiffs, and provided for no other, and that the contract was, in legal effect, a mere op-

1. VENDOR AND PURCHASER: options.

tion contract. The contract contains the following mutual agreements between vendors and vendees:

"The party of the first part hereby agrees to sell to the party of the second part, on the performance of the agreements of the party of the second part, as hereinafter mentioned, all his right, title and interest in and to the real estate situated in the county of Boone and state of Iowa, to wit: * * * And the said party of the second part, in consideration of the premises, hereby agrees to and with the party of the first part, to purchase all his right, title and interest in and to the said real estate above described for the sum of sixty thousand ($60,000) dollars and to pay said sum therefor to the party of the first part, his heirs or assigns, as follows:"

The contract, by other provisions, made time of the essence thereof, and provided also that a failure by the defendants to make strict payment in accordance with the terms of the contract should authorize the plaintiffs to declare a forfeiture and to re-enter the premises, without liability to the defendants for previous payments made. It will be seen that the defendants bound themselves by express agreement to *purchase* and to *pay*. The contract, therefore, was not a mere option. The forfeiture provision was not inconsistent with such express promise. It was simply a special remedy provided for the benefit of the vendors. They were not bound to pursue such remedy. They had a right to elect the remedy of specific performance or damages or a forfeiture.

It is contended for the defendants that they understood the contract to provide the forfeiture as the sole remedy of the plaintiffs and the sole penalty as against the defendants; and that, by reason of such fact, it becomes a hardship upon them to enforce any other construction against them. In the absence of some fraud or wrong on the part of the plaintiffs, or mutual mistake of both parties, or knowledge of the vendors that the vendees were mistaken in their understanding at the time of the execution, this contention is not available as a defense. Reliance could not be had upon any written contract by any party thereto if it were deemed subject to defeat because the other party met its enforcement with an allegation of misunder-

2. SPECIFIC PERFORMANCE: contracts enforcible: misunderstanding of contract.

standing on his part of its terms. This defense was properly overruled by the trial court.

The other contention is that, because of the great fluctuation in the value of the dollar, whereby, since May, 1920, land that was worth $375 per acre on May 10, 1920, was worth, on March 1, 1921, only $325 per acre, the specific enforcement of the contract becomes so burdensome as to be unconscionable and inequitable.

3. SPECIFIC PER-
FORMANCE: na-
ture and grounds
of remedy: fluc-
tuations in
values.

If the contract price had been unconscionable and inequitable as of the time the contract was made, it would appeal to the discretion of the court of equity as a reason for refusing specific performance. Yet this rule has no application to a case where fluctuations in value subsequent to the contract result in loss to one of the parties and in corresponding profit to the other. All contracts of purchase and sale are made in contemplation of future fluctuation in value. The purchaser buys today in the hope of increasing valuation tomorrow. The seller sells today in the fear of decreasing valuation tomorrow. The seller always seeks the crest of the market wave; while the purchaser seeks the trough of it. If they could not see future values through different eyes, they could not do business at all. This is the element of chance which inheres in all commercial transactions. The profits and losses thus resulting from honest transactions are not subject to review by a court of equity.

The degree of specific performance was properly awarded in the court below, and it is, accordingly,—*Affirmed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.