H. M. CARSON, Appellee, v. RAY MIKEL, Appellant.

NOVEMBER 22, 1927.

REHEARING DENIED MARCH 10, 1928.

*F. J. Lund* and *R. G. Remley*, for appellant.

*Martin & Alexander*, for appellee.

FAVILLE, J.—On April 4, 1923, the parties hereto entered

into a written contract by which the appellant agreed to purchase from the appellee 170 acres of land in Hamilton County.  The agreed price was $47,600, of which amount $2,210 was paid in cash, and the contract provided that the vendee should assume two mortgages, one of $41,000 and another of $2,000, and should pay the balance of the purchase price, to wit, $2,390, in cash upon March 1, 1924. The contract provided that the appellee should furnish appellant with an abstract of title, showing good and merchantable title, free and clear of all liens and incumbrances except said two mortgages. This action is to recover the cash payment of $2,390 provided for in the contract.

It is contended that the appellee was guilty of fraud and misrepresentation in regard to the farm, at the time the contract was entered into, particularly with respect to the tiling on the place and with regard to the value of the farm. The appellant is a farmer, 42 years of age, residing in the vicinity of the farm in question. Before entering into said contract, he examined said farm for the purpose of informing himself in regard thereto, and with a view of determining whether he should enter into a contract of purchase with the appellee. Appellee was not present at the time the appellant made such examination. We are satisfied, from an examination of the record, that there were no false or fraudulent representations made to the appellant that induced him to enter into the contract. Appellant was not a stranger in the locality. If not thoroughly familiar with land values in that vicinity, he could easily have obtained full information in regard thereto. The parties dealt with each other at arm's length. There was no confidential or fiduciary relation existing between them, although they were on good terms and friendly.

Specific performance should not be denied in this case because of appellant's claim of fraud or false representations. There were none.

It is contended that the contract is so harsh and unconscionable that a court of equity should not decree specific performance. The contract proved in the long run to be improvi-

dent, but a court of equity cannot relieve competent parties who enter into contracts that are not tainted by fraud, from the legal effects thereof because such contracts may be ill-advised or prove to be unprofitable or disadvantageous.

It is contended that the appellee failed to furnish an abstract of title, as required by the contract. Prior to the day of settlement, the appellant had repudiated the contract; but, not-

withstanding said fact, the appellee tendered an abstract of title to the appellant, which the latter refused to accept or examine. It was contended upon the trial that the abstract was defective, in that it failed to show that certain mortgages were released. It was abundantly established, however, that the mortgages were in fact released of record, and that the failure of the abstract to so show was an oversight of the abstracter's, which could easily and immediately be corrected, and that no such objection was urged at the time the abstract was tendered. The objection with respect to the taxes was also shown to be without merit.

Upon the entire record, we are abundantly satisfied that the appellee was in position to fully perform on his part on the day of settlement, and that the appellant was then in default.

The appellant took possession of said premises under the contract, and made permanent improvements thereon. A court cannot relieve him of the obligation of the contract merely because the result of its enforcement may be unfortunate.

We have read the record in this case with care, and conclude therefrom that the decree of the trial court was correct, and must be affirmed. As bearing somewhat upon our conclusion, see *Kurtz v. Gramenz*, 198 Iowa 222; *Cohen Bros. Iron & Metal Co. v. Shackelford Brick Co.*, 197 Iowa 674; *Martin v. Toll*, 196 Iowa 388; *Mitchell v. Mutch*, 180 Iowa 1281. The motions ordered submitted with the case are overruled.—*Affirmed.*

EVANS, C. J., and STEVENS, KINDIG, and WAGNER, JJ., concur.